376 So.2d 507 (1979)
Adam DUFRENE et al.
v.
DIXIE AUTO INSURANCE CO. et al.
No. 9487.
Court of Appeal of Louisiana, Fourth Circuit.
September 11, 1979.
Rehearing Denied November 19, 1979.
Writ Refused January 18, 1980.
*508 Hackman & Lewis, Gordon L. Hackman, Boutte, for plaintiffs-appellants.
Alexander C. Cocke, Jr., New Orleans, for defendants-appellees.
Before SAMUEL, GULOTTA and BEER, JJ.
BEER, Judge.
This case was originally before us on appeal from the 29th Judicial District Court. In our opinion of November 8, 1978, we affirmed. Rehearing was refused on December 15, 1978. The Supreme Court granted writ of certiorari on February 9, 1979 and, on June 25, 1979, 373 So.2d 162, reversed our finding with respect to liability, noting as follows:
"In sum, we find that Butts negligently caused the accident; therefore, Mr. and Mrs. Dufrene are entitled to recover damages, if any, resulting from the accident. Moreover, even assuming the contributory negligence on the part of Lynell Simmons, the claims of Mr. and Mrs. Simmons are not barred by his negligence because Butts had the last clear chance to avoid the accident. Hence, the court of appeal erred in dismissing plaintiffs' action.
"As previously noted, Dixie and Tri-State contend that the liability policy issued by Dixie, through Tri-State, to Butts in the amounts of $5,000 per person and $10,000 per accident had been canceled for non-payment of premiums prior to the accident involved herein. As the court of appeal affirmed the judgment of the trial court dismissing plaintiffs' action based upon its findings as aforesaid, it did not address this issue nor determine the amount of plaintiffs' recovery, if any. We therefore consider it more appropriate to remand the case to that court for it to determine and decide these issues."
In accordance therewith, we have turned to those applicable portions of the opinion originally proposed by our brother who had dissented from the original opinion of this court and now adopt his proposed findings with respect to the issues remanded to us, as follows:
*509 "Accordingly, we conclude the parents of the injured minor child are entitled to recover, individually, and, on behalf of the child. The property owner is also entitled to recovery.
"Defendant, Dixie Auto Insurance Company, the liability insurer of Butts, claims that because of cancellation of policy, prior to the date of the accident, the insurer cannot be cast in judgment. We agree.
"The accident occurred on February 14, 1972. Dixie had issued a $5,000/10,000 liability policy to Butts covering the period May 10, 1971 to May 10, 1972. However, by Certified Mail, a Notice of Cancellation was sent to Butts on January 21, 1972 indicating that the cancellation would be effective February 1, 1972. The reason assigned for cancellation was the insureds non-payment of premium. Although Butts denied receipt of the notice, it was sent to the address of the insured contained in the policy. Butts was not residing at the address designated in the policy, however, his sister lived at that address and the insured received his mail at that address. Although not clear from the testimony, Butts indicated that he had made the premium payment on February 8, however, a `credit memo' of the agent of the insurer indicates the premium payment was either credited or returned to Butts. Butts acknowledged return of the payment.
"R.S. 22:636.1(E) [22:636.1(F)] states `proof of mailing of Notice of Cancellation, or of intention not to renew or of reasons for cancellation, to the name insured at the address shown on the policy, shall be sufficient proof of notice.' Receipt of that notice is not required. See Harang v. Sparacino, 257 So.2d 785 (La.App. 4th Cir. 1972).
"Furthermore, a minimum ten day notice of cancellation is required where the policy is cancelled for non-payment of the premium. See R.S. 22:636.1(D). The insurer complied with this requirement. (Notice dated and mailed January 21, 1972. Effective date of cancellation as set forth in Notice February 1, 1972.) Included in the Notice, as required by the statutes, was the reason for the cancellation. Under the circumstances, we conclude the liability insurance policy was cancelled and plaintiffs are not entitled to recovery against Butts' insurer Dixie Auto Insurance Company and its agent.
"In connection with quantum, we consider first, the property owner's claim. The stipulated amounts were the repairs to the house worth $1,350.00, plus an additional $500.00 to `jack up the house.' Plaintiffs, Mr. and Mrs. Adam Dufrene, are entitled to recovery against Butts therefore, in the amount of $1,850.00.
"Although Gonzalez v. Xerox 320 So.2d 163 (La.1975), in the interest of judicial economy, mandates setting of the award in this court, the meager record makes the task more difficult. With the exception of the Charity Hospital medical reports, made a part of the record, we are not favored with any additional medical evidence. Testimony relating to pain and suffering, extent of time of convalescence and therapeutic measures taken, are absent from the record.
"It was stipulated that the hospital bill amounted to $1,039.05. The information contained in the medical records from the Charity Hospital reveal that the child was hospitalized from February 14, 1972 through February 29, 1972. He sustained a fractured ulna, fracture of the tibia and fibula and blunt trauma to the abdomen. He suffered also, a fracture of the eighth rib and laceration of the spleen. Information is extracted from the hospital record with a great deal of difficulty. As far as we can detect, an open reduction and internal fixation of the tibia was carried out with a splenectomy. The fracture of the extremity was described as a transverse fracture of the mid-portion of the tibia. In addition, the child suffered two oblique fractures of the fibia; one at the junction of the proximal and middle thirds and the other at the junction of the middle and distal third. Apparently, the tibial fragments were in good alignment. The leg was placed in a complete cast. Treatment in the hospital also included the insertion of a chest tube which was removed on February 19, 1972. The fracture of the ulna, *510 resulted in good alignment. The record does not disclose the amount of time that the cast remained on the extremity subsequent to discharge from the hospital, nor whether or not crutches were required after the removal of the cast. Further, there is no evidence whether or not any residual disability exists. Under the circumstances, we conclude that a general damage award, in the sum of $30,000.00, is proper.

DECREE
"Consistent with the foregoing conclusions, the judgment of the trial court is reversed and set aside. Judgment is now rendered in favor of Mr. and Mrs. Adam Dufrene and against Victor T. Butts in the sum of $1,850.00, with interest from date of judicial demand, and all costs. Judgment is further rendered in favor of Ezekiel and Imogene Mott Simmons, individually and against Victor T. Butts in the sum of $1,039.05 and, on behalf of their minor child, in the sum of $30,000.00 with interest from date of judicial demand until paid, and all costs. Judgment is further rendered dismissing plaintiffs' suit against Dixie Auto Insurance Company and Tri-State General Agency, Inc., at plaintiffs' cost."
JUDGMENT IN ACCORDANCE WITH THE MANDATE OF THE SUPREME COURT.