JOHN S. COVINGTON, Judge.
Appellees, James Hubbard, Ruth Hubbard, The Center, Inc. and State Farm Mutual Automobile Insurance Company, have moved to dismiss, as untimely, plaintiff-appellant’s devolutive appeal from the trial court’s judgment denying recovery for damages allegedly sustained by plaintiff growing out of a slip and fall as plaintiff was alighting from a van owned by appel-lees Hubbard and insured by State Farm.
The pertinent dates are as follows:
April 22, 1986 — Trial on the merits held and judgment rendered in favor of all defendants.
*386 April 30, 1986 — Judgment rendered on April 22, 1986 signed and filed.
June 27, 1986 — Motion for new trial heard and denied.
September 5, 1986 — Formal judgment denying motion for new trial signed and filed.
October 29, 1986 — Order for appeal signed by district judge.
The following minute entry is of particular note to the merits of the motion to dismiss this appeal:
FRIDAY, JUNE 27, 1986: This case came on for hearing on a motion for new trial filed on behalf of the plaintiff, present (sic) in court were counsel for plaintiff and counsel for the defendants. The matter was argued and submitted to the Court. Whereupon, for oral reasons assigned, the motion was by the court denied. Judgment will be signed accordingly.
According to Code of Civil Procedure Article 2087, a devolutive appeal must be taken within sixty days from the court’s refusal to grant a timely application for new trial, if the applicant is not entitled to notice of such refusal under Code Civil Procedure Article 1914. Article 1914 requires notice of judgment for an interlocutory order or judgment only when the case has been taken under advisement by the court.
In the present case, the decision on the motion for new trial was made in open court, immediately following the hearing, with both plaintiff’s and defendants’ counsel present. Therefore, article 1914 was not applicable and plaintiff was not entitled to notice of judgment. Further, we find the signing of the judgment on September 5, 1986, was superfluous, and thus, plaintiff's appeal delays began to run on June 28, 1986, the day following denial of her application for new trial in open court. See Boyd v. Fourckon, 408 So.2d 380 (La.App. 1st Cir.1981). Accordingly, plaintiff’s motion for áppeal filed on October 29, 1986, is untimely and this court is without jurisdiction to consider the appeal.
For the foregoing reasons, the devolutive appeal of plaintiff-appellant is dismissed without costs in this pauper suit.
APPEAL DISMISSED.