527 So.2d 75 (1988)
Sam DUCOTE, Plaintiff-Appellant,
v.
Paul G. SMITH, et al., Defendant-Appellee.
No. 88-310.
Court of Appeal of Louisiana, Third Circuit.
April 19, 1988.
McLure & Pickels, John G. McLure, Alexandria, for defendant-appellee.
Wampler & Smith, Gregory N. Wampler, Colfax, for plaintiff-appellant.
Before GUIDRY and FORET, JJ., and REGGIE[*], J. Pro Tem.
EDMUND M. REGGIE, Judge Pro Tem.

MOTION TO DISMISS
Defendant-appellee, Paul G. Smith, moves to dismiss the unlodged devolutive appeal of plaintiff-appellant, Sam Ducote, on the basis that appellant's motion for appeal was untimely. We dismiss the appeal.
Judgment dismissing appellant's suit against appellee was signed by the trial court on November 23, 1987. Appellant moved for a new trial on December 3, 1987. A hearing on this motion was held on December 18, 1987, at which counsel for both parties were present. At the close of the hearing, the trial court orally denied appellant's motion in open court, and a minute entry stating this fact was entered.
A formal judgment was signed by the trial court on December 30, 1987, which denied appellant's motion for a new trial. On February 29, 1988, appellant filed a motion for appeal. This motion was granted by an order signed on March 1, 1988.
Appellee argues that the delays for taking an appeal began on December 18, 1987, the date the trial court denied the motion for new trial in open court. Thus, the appeal taken in this suit on March 1, 1988, which was seventy-four (74) days after the denial of the motion for new trial, is alleged to be untimely. We agree.
La.Code Civ.Proc. Art. 2087 states:
Except as otherwise provided in this Article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken within sixty days of:
(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
(2) The court's refusal to grant a timely application for a new trial, if the applicant *76 is not entitled to notice of such refusal under Article 1914; or
(3) The date of the mailing of notice of the court's refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.
When a devolutive appeal has been taken timely, an appellee who seeks to have the judgment appealed from modified, revised, or reversed as to any party may take a devolutive appeal therefrom within the delays allowed in the first Paragraph of this Article or within ten days of the mailing by the clerk of the notice of the first devolutive appeal in the case whichever is later.
Thus, reference to La.Code Civ.Proc. Art. 1914 is required to determine when the delay began for taking an appeal.
C.C.P. Art. 1914 reads:
A. When a case has been taken under advisement by the court for the purpose of deciding whether an interlocutory order or judgment should be rendered, the clerk shall make an entry in the minutes of the court of any such interlocutory order or judgment rendered thereafter.
B. The clerk shall mail notice of the rendition of the interlocutory order or judgment to the counsel of record for each party and to each party not represented by counsel; and each party shall have ten days from the date of the mailing of the notice to take any action or file any pleadings as he deems necessary, except as provided in the next Paragraph.
C. If the interlocutory order or judgment is one refusing to grant a new trial, the delay for appealing commences to run only from the date of the mailing of the notice, as provided in Articles 2087 and 2123.
D. The provisions of this Article do not apply to an interlocutory injunctive order or judgment.
In the instant suit, with counsel for both parties present, the trial court refused to grant a new trial in open court. In Doolan v. Doolan, 349 So.2d 980 (La.App. 3rd Cir. 1977), this court stated that C.C.P. Art. 1914 only applies where the case has been taken under advisement. Otherwise, when the ruling is made in open court, the jurisprudence holds that no notice is required.
Applying these rules to the case sub judice, the delay for taking an appeal began on December 18, 1987. Appellant's motion was made more than sixty (60) days after this ruling and was, therefore, untimely. For these reasons, appellant's appeal is hereby dismissed. All costs of this appeal are hereby assessed to the plaintiff-appellant.
APPEAL DISMISSED.
NOTES
[*] Judge EDMUND M. REGGIE, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.