532 So.2d 418 (1988)
David Wayne REGAN, etc., et al.
v.
Edward J. BANDEAUX and Jimmy A. Slay.
No. 88-829.
Court of Appeal of Louisiana, Third Circuit.
October 7, 1988.
*419 John F. Craton, Crowley, for plaintiffs-appellants.
Keith S. Giardina, Baton Rouge, for defendants-appellees.
Before STOKER, DOUCET and KNOLL, JJ.

MOTION TO DISMISS
STOKER, Judge.
Defendants-appellees move to dismiss the appeal of plaintiffs-appellants on the grounds that the appellants seek review of a non-appealable interlocutory judgment and that the appeal was taken untimely.
In the instant case, a final judgment in accordance with the finding of the jury was signed by the trial court on September 28, 1987. Appellants then filed a Motion for Judgment Notwithstanding the Verdict and Motion for a New Trial on October 3, 1987. A hearing was held on these motions and, in open court with all counsel present, the court denied the appellants' motions on December 7, 1987. The court minutes for that date accurately reflect these rulings. A written judgment in accordance with the ruling on these motions was signed by the trial court on January 5, 1988. A motion for an appeal was filed by appellants on February 17, 1988.
Appellees first argue that the appellants' appeal must be dismissed due to the appellants attempting to appeal from the denial of their motions for a judgment notwithstanding the verdict and for a new trial. Appellants contend that the jurisprudence allows this court to consider the appellants' reference to the interlocutory judgment as merely an oversight and to allow the appeal to be maintained as an appeal from the final judgment rendered in the instant suit. Also, appellants argue in the alternative that a ruling on a JNOV is a final, appealable judgment.
This court has held that a trial court's denial of a motion for judgment notwithstanding the verdict is an interlocutory order, not a final, appealable judgment. Granger v. State Farm Mutual Automobile Insurance Co., 514 So.2d 502 (La.App. 3rd Cir.1987). Thus, the only judgment from which an appeal could have been taken in the instant case was the judgment signed by the trial court on September 28, 1987. The motion for a new trial was filed on October 3, 1987. Therefore, the motion for a new trial was timely. La.Code Civ. Proc. art. 1974. However, the court minutes show that the trial court denied the appellants' motion for a new trial in open court with all counsel present on December 7, 1987.
Appellants argue that they had requested notice of judgment for all rulings of the trial court and, therefore, that the delays for taking an appeal did not begin to run until such notice had been sent. Further, appellants assert that they should not be held to have appealed untimely due to their reliance on the trial court's statement in open court when rendering the judgment on the motion for a new trial that a formal written judgment would be signed upon presentation of same. Appellants' arguments are without merit.
La.Code Civ.Proc. art. 1914 applies only when a case has been taken under advisement. Ducote v. Smith, 527 So.2d 75 (La. App. 3rd Cir.1988). In the case sub judice, the trial court rendered its judgment in open court. Therefore, no notice of judgment was required to be sent. Under La. Code Civ.Proc. art. 2087, the appellants had *420 sixty (60) days after the ruling in open court in order to appeal the judgment of September 28, 1987. The motion for an appeal was not filed until February 17, 1988, far in excess of sixty days from the trial court's denial of the motion for a new trial on December 7, 1987. Therefore, appellants' appeal must be dismissed at the appellants' costs.
MOTION GRANTED. APPEAL DISMISSED.