624 So.2d 20 (1993)
Brenda CHAMBERLAIN, et vir, Plaintiffs-Appellants,
v.
Donna BURCHAM, et al, Defendants-Appellees.
No. 25,683-CA.
Court of Appeal of Louisiana, Second Circuit.
September 2, 1993.
*21 Daye, Bowie & Beresko by Alfred R. Beresko, Shreveport, for plaintiffs-appellants.
Mayer, Smith & Roberts by Steven E. Soileau, Shreveport, for defendants-appellees.
Before LINDSAY, HIGHTOWER and WILLIAMS, JJ.

ORDER OF DISMISSAL
On August 5, 1993, this Court ordered appellants, Brenda Chamberlain and Bobby Chamberlain, to show cause why this appeal should not be dismissed as untimely pursuant to the authorities discussed in Regan v. Bandeaux, 532 So.2d 418 (La.App. 3d Cir.1988). After reviewing the appellants' response to the show cause order, we conclude for the following reasons that this appeal is untimely and must be dismissed.
On November 20, 1992, a final judgment was rendered by the trial court. Notice of judgment was mailed to counsel of record in December, and a timely motion for JNOV/new trial followed. The hearing on the motion took place on March 11, 1993, at the conclusion of which the trial court denied the motion in open court with all counsel present. Because the case was not taken under advisement for the purpose of deciding whether to grant the motion, notice of the interlocutory judgment denying the motion was not required under the provisions of LSA-C.C.P. Art. 1914. See Regan, supra. See also Taylor v. Hubbard, 510 So.2d 385 (La.App. 1st Cir.1987). Thus, under the provisions of LSA-C.C.P. Art. 2087(A)(2), a devolutive appeal only could be taken within 60 days of the court's refusal to grant the timely application for a new trial. The appellants' May 27, 1993 motion for appeal was not filed *22 within the 60-day delay period, and was untimely.
The court's denial of the motion was later reduced to writing, but the reducing of the judgment to writing did not extend or otherwise affect the running of appellate delays. See Regan, supra, and Taylor, supra. Moreover, the fact that the trial court also heard argument from counsel concerning the setting of expert witness fees and ruled on those fees orally at the time of the hearing also had no effect on the appellate delays for seeking review of a judgment on the merits. Under the provisions of LSA-C.C.P. Art. 2088(10), a trial court retains jurisdiction to set and tax costs and expert witness fees even after the jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested and the jurisdiction of the appellate court attaches. Because the trial court retains jurisdiction over matters concerning the setting and taxing of costs and expert witness fees, which are matters not reviewable under the case on appeal, they do not affect the running of appellate delays with respect to a judgment on the merits which involves matters reviewable under the appeal. The setting and taxing of costs and expert witness fees is a matter separate and distinct from the interlocutory judgment on a motion for JNOV/new trial, and a judgment taxing expert witness fees that is rendered after a final judgment on the merits does not affect the running of appellate delays with respect to the judgment on the merits.
Appellants have raised arguments in favor of the timeliness of their appeal based on the provisions of LSA-C.C.P. Art. 1913 and recent amendments thereto. However, appellants' reliance on that article is misplaced because it applies solely to final judgments and not interlocutory judgments governed by the provisions of LSA-C.C.P. Art. 1914. See Newman v. Chamber of Commerce of Kentwood, 462 So.2d 299 (La.App. 1st Cir.1984), writ denied, 463 So.2d 1319 (La.1985). Moreover, while the provisions of LSA-C.C.P. Art. 1911 mandate that every final judgment shall be signed by the judge, there is no legal requirement that an interlocutory judgment must be in writing or signed. Instead, a minute entry is sufficient.
We also reject appellants' argument that their appeal could be timely under the provisions of LSA-C.C.P. Art. 2087(C) which states that when one or more parties files post-judgment motions, the delay periods specified in Art. 2087 commence for all parties at the time they commence for the party whose post-judgment motion is last to be acted upon by the trial court. The reference to post-judgment motions in Art. 2087 refers to motions which can affect the running of appellate delays. A timely motion for new trial would be included in such postjudgment motions; a motion to set expert witness fees would not. Additionally, we note that, after the running of appellate delays, it is too late to seek supervisory review of a judgment from which an appeal would He. Accordingly, we cannot consider this appeal as an application for supervisory writs.
Appellants' last argument concerns the answer they filed in response to the answer of the defendants. Even though it is very doubtful under the wording of LSA-C.C.P. Art. 2133 that an appellant could file an answer to the answer of an appellee, even if such a pleading were proper, the appellants' appeal herein must fall. Because the appellants took no timely appeal from the judgment on the merits, that judgment became both final and definitive upon the expiration of the appellate delays. The subsequent filing of the untimely appeal had no effect whatsoever, leaving the situation completely unchanged as if no motion for appeal had ever been filed. The trial court's final and definitive judgment could not be changed at that point either by appeal or by answer. Accordingly, the answer of appellees must fall, and it follows that the answer to the answer must fall also. If the appeal had been timely, then the answer would have been proper and could have stood alone even if the appellants had later dismissed their appeal. However, because this Court never obtained jurisdiction over this matter pursuant to the untimely appeal herein, the question of the appropriateness of the trial court's judgment concerning expert witness fees is *23 not properly before us pursuant to the defendants' answer and will not be considered.
For the reasons set forth above, we hold that the above-captioned appeal is untimely, and that the appeal, along with both the defendants' answer and the plaintiffs' answer in response, are hereby dismissed.