629 So.2d 531 (1993)
Marion HACKMAN
v.
SOUTHERN FARM BUREAU INSURANCE COMPANY.
No. 93-CA-513.
Court of Appeal of Louisiana, Fifth Circuit.
December 15, 1993.
Rehearing Denied January 18, 1994.
*533 Gordon Hackman, D. Tracey Tiller, Boutte, Russ M. Herman, New Orleans, for plaintiff/appellee.
John J. Hainkel, Jr., Nancy Cromartie, New Orleans, for defendant/appellant.
Before KLIEBERT and DUFRESNE, JJ., and THOMAS F. DALEY, J. Pro Tem.
THOMAS F. DALEY, Judge Pro Tem.
This suit arises from an original petition which was amended through the filing of subsequent amending petitions. The underlying facts giving rise to the suit are as follows.
In September 1974, Marion Hackman, plaintiff/appellee, (Hackman) was involved in an auto accident when her vehicle was rear-ended by Terry Bell's vehicle. Hackman was taken to St. Charles General Hospital complaining of pain to the head, shoulder and arm. Hackman was diagnosed with a contusion of the scalp, was treated and released two days later. Four days after the accident, Hackman suffered a dizzy spell and fell in the bathroom of her home. Hackman was again admitted to St. Charles General. At that time, Hackman underwent a splenectomy as the result of a laceration to the spleen and received a blood transfusion. Subsequently Hackman was admitted to St. Charles General where she was diagnosed with hepatitis secondary to the blood transfusion. In November, 1974 Hackman's liver tests returned to normal.
In January 1975, Hackman sued her insurer, Southern Farm Bureau Casualty Insurance Co., the defendant/appellant, (Farm Bureau) for medical payments. In April 1975, Hackman settled her claim against the driver of the other auto, Terry Bell, and his insurer, USF & G. In January 1980, Hackman filed a First Amending petition alleging a uninsured/underinsured motorist claim against Farm Bureau. In October 1985, Hackman filed a Second Amending Petition alleging stacking of two policies issued by Farm Bureau. Farm Bureau filed an Exception of Prescription on the claims in the two amending petitions. The trial court denied the exceptions. The case was tried on the merits and the trial court awarded Hackman the following:

Med Expenses 5,743.28
Lost Income 8,000.00
Concussion 5,000.00
Loss of Spleen 50,000.00
Hepatitis 25,000.00
 __________
 93,743.28
Less Tortfeasor Ins. -25,000.00
 __________
Subtotal 68,743.28
Penalty, 10% 6,874.32
Attorney Fees 17,500.00

Farm Bureau appealed specifying errors. Hackman answered the appeal also specifying errors.
Farm Bureau specifies the following errors: (1) the trial court erred in determining Terry Bell was an underinsured motorist; (2) the trial court erred in determining the settlement with Terry Bell and USF & G was not a complete release of all claims; (3) the trial court erred in determining that Gordon Hackman's selection of lower UM limits was invalid; (4) the trial court erred in denying Farm Bureau's exception of prescription; (5) the trial court erred in awarding Hackman lost income; (6) the trial court abused its discretion in awarding excessive damages; (7) the trial court erred in awarding penalties and attorney's fees; (8) the trial court erred in awarding interest on Hackman's UM claim from the date of the original petition.
Hackman specifies the following errors: (1) the trial judge erred by awarding insufficient *534 damages; (2) the trial judge erred by awarding insufficient penalties; (3) the trial judge erred in failing to reach the UM coverage stacking issue. Because decision on certain issues pretermit others, the specifications of error will be addressed out of order. FARM BUREAU'S SPECIFICATION OF ERROR # 4: THE TRIAL JUDGE ERRED IN DENYING FARM BUREAU'S EXCEPTION OF PRESCRIPTION.
Farm Bureau contends that Hackman's UM claims are prescribed because the amending petition does not relate back to the original date of filing and the amending petition was filed more than two years from the date of the auto accident. We disagree.
Louisiana law provides that an amendment to a petition relates back to the date of filing the original pleading when the action asserted in the amendment arises out of the same conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading. La.C.Civ.P. art. 1153. Once an amendment is deemed to relate back to the filing date of the original petition, prescription with regard to the amendment is interrupted as of the filing date of the original petition. See Gunter v. Plauche, 439 So.2d 437, 441 (La.1983).
In its brief, Farm Bureau engages in a discussion concerning whether different causes of action were alleged in the original and amending petition. However, whether different causes of action were alleged is not dispositive.
In Gunter v. Plauche, the Court held that an amending petition related back to the date of filing of the original petition, even though the two petitions alleged two different causes of action. 439 So.2d at 440-41. The Court in Gunter, quoting Baker v. Payne & Keller of La., Inc., 390 So.2d 1272 (La.1980), stated:
It is well established that art. 1153 permits amendment despite technical prescriptive bars where the original pleading gives fair notice of the general fact situation out of which the amended claim arises. Where there is some factual connexity between the original and amended assertions, together with some identity of interest between the original and the supplemental party, amendment should be allowed. [citations omitted]
Gunter, 439 So.2d at 440.
In Gunter, the plaintiff filed an original petition for damages in malpractice under La.Rev.Stat. 9:2794. Id. An amending petition for damages for breach of the duty to obtain informed consent under 40:1299.40 was also filed. The Court, in finding the amending petition related back, cited several factors. The parties were the same in both petitions. The two causes of action had factual connexity because they both pertained to the same instance of medical treatment. Because the two claims pertained to the same instance of medical treatment, both claims arose out of the same transaction or occurrence.
Similarly, in the instant case, the parties were the same in the original and amending petitions. The petitions have factual connexity because they pertain to claims against the same insurer for injury arising out of the same auto accident. Thus, applying Gunter the original and amended petitions arose out of the same transaction or occurrence.
Moreover, the essence of interruption of prescription by suit is notice. The Gunter court found the defendant was put on notice because the original petition sought judicial relief arising out of the general fact situation of the medical treatment. Id. at 441. In the instant case, the original petition alleges the facts of the auto accident and the injuries sustained by Hackman including the splenectomy and hepatitis.
Farm Bureau contends that the original petition did not put Farm Bureau on notice of a potential UM claim because the petition did not allege the necessary facts to assert a UM claim. However, Hackman produced a demand letter requesting payment under UM coverage and a letter from Farm Bureau acknowledging the receipt of the demand letter. Clearly, Farm Bureau had actual notice of a potential UM claim.
We agree with the trial court, the amendment relates back to the original petition. Prescription on the amended claim was interrupted *535 as of the date of filing the original petition.
FARM BUREAU'S SPECIFICATION OF ERROR # 2: THE TRIAL COURT ERRED WHEN IT DETERMINED THAT HACKMAN'S SETTLEMENT WITH TERRY BELL AND USF & G DID NOT RELEASE FARM BUREAU.
Farm Bureau contends that Hackman's claims against it were released when she settled her claim against the tortfeasor and his insurer, USF & G.
In Carona v. State Farm Insurance Co., 458 So.2d 1275 (La.1984), the Court held that when an auto accident victim settles with his tortfeasor, his claim against his UM carrier is not discharged merely because he does not expressly reserve his rights against his UM carrier.
Applying Carona, this specification of error is without merit.
FARM BUREAU'S SPECIFICATION OF ERROR # 3: THE TRIAL COURT ERRED IN DETERMINING THAT GORDON HACKMAN'S SELECTION OF LOWER UM LIMITS WAS INVALID.
At trial, Farm Bureau produced a signed form purporting to be a selection of lower UM coverage by the policy holder. The form reflected an election of UM coverage of only $5,000.00. Farm Bureau relies on ACT 438 of 1977 which provides that any document signed by the insured or his legal representative which rejects UM coverage or selects lower limits is conclusively presumed to become a part of the insurance policy.
However, at trial, Gordon Hackman, the policy holder and plaintiff's husband, denied ever signing the form. At trial, a qualified expert in forensic document examination testified that the signature on the form was not that of the same person who signed other documents introduced as having been signed by Gordon Hackman. Farm Bureau only produced Larry Lee Ray, the insurance agent handling the Hackmans' insurance policy at that time. Ray stated that he could not recall whether Gordon Hackman signed the form.
The trial court concluded that Gordon Hackman did not sign the selection of lower limits. This is a factual finding.
Appellate courts may not disturb factual findings of the trier of fact in the absence of manifest error. Arceneaux v. Domingue, 365 So.2d 1330, 1333 (La.1979).
The record supports the trial court's finding on this issue. Nothing in the record suggests that the trial court's finding was clearly wrong. Therefore, we will not disturb the trial court's finding that Gordon Hackman did not sign the selection of lower limits form.
FARM BUREAU'S SPECIFICATION OF ERROR # 5: THE TRIAL COURT ERRED IN AWARDING HACKMAN LOST WAGES.
Farm Bureau bases this contention mainly on the fact that Hackman failed to produce supporting tax records. Hackman's evidence as to the amount of lost income was her own testimony and the testimony of Barbara Ridge. Ridge, a co-worker, was engaged in the same profession as Hackman, a medical profusionist. Ridge's testimony confirmed Hackman's testimony.
Loss of earnings need not be proved with mathematical certainty, but only by such proof as reasonably establishes a claim. Jordan v. Travelers Insurance, 257 La. 995, 245 So.2d 151, 154-155 (1971). This may even consist only of the plaintiff's own reasonable testimony if accepted as truthful. Id. Of course, the better practice is to introduce corroborating testimony. Id. Furthermore, where a legal right to recovery exists but the damages cannot be exactly estimated, courts have reasonable discretion to assess the amount based on the facts and circumstances. Id.
Hackman testified she was making $800 to $1,000 per month plus an additional fee of $150.00 per case. Ridge confirmed this testimony. The auto accident occurred in September, 1974 and Hackman was discharged by her physician in July, 1975.
The trial judge awarded lost earnings of $800 per month for 10 months for a total of $8,000. The amount and duration of lost *536 income award is supported by the record. We will not disturb the trial court's award. FARM BUREAU'S SPECIFICATION OF ERROR # 6 AND HACKMAN'S SPECIFICATION OF ERROR # 1: THE TRIAL COURT ABUSED ITS DISCRETION IN AWARDING THE AMOUNT OF DAMAGES.
Farm Bureau asserts the damages awarded for Hackman's injuries were excessive while Hackman asserts the damages awarded were inadequate. Both sides cite cases to support their assertions. The trial court awarded a total of $80,000.00 in general damages. Fifty Thousand Dollars of the general damage award was for the loss of the spleen.
We find the trial court abused its discretion in awarding general damages. We find the amount excessive.
In awarding Hackman $50,000.00 for the loss of her spleen, the trial court cites Dufrene v. Dixie Auto, 376 So.2d 507 (La.App. 4th Cir.1979). However, in Dufrene, the plaintiff was awarded $30,000.00 for a fractured ulna, fractured tibia and fibula, fractured rib, and blunt trauma to the abdomen with laceration to the spleen. Id. Dufrene does not support the trial court's $50,000.00 damage award for loss of the spleen alone.
In determining whether a trial court's damage award is excessive or inadequate, the reviewing court must first look to the individual circumstances of the case. Reck v. Stevens, 373 So.2d 498 (La.1979).
An appellate court should not disturb an award made by the trial court unless the record clearly reveals the trial court abused its discretion. Coco v. Winston Industries, 341 So.2d 332, 335 (La.1976).
In the instant case, Hackman's injuries commenced with a mild concussion followed by a fall, splenectomy and hepatitis. Hackman was discharged by her physician within ten months of the accident. Further testimony indicated that her symptoms were completely resolved within seven months. Her liver tests returned to normal within three months of the auto accident. Hackman did not show any excessive pain or suffering, although she did testify as to her fears regarding the possible long term effects of the splenectomy and the hepatitis. However, the record indicates that in the 18 years since the original accident Hackman had not suffered any additional damages beyond the initial resolution of her injuries.
Review of other cases for purposes of quantum is appropriate when an abuse of the trial court's discretion is found. Coco, 341 So.2d at 335. There are very few reported cases involving the loss of a spleen that do not also include other major injuries. In Freeman v. Harold Dickey Transport, Inc., 467 So.2d 194 (La.Ct.App.3d Cir.1985), a plaintiff, who suffered a fractured clavicle, and splenectomy complicated by internal infection and a blocked corated artery was awarded $27,500.00. In Dufrene v. Dixie Auto Ins. Co., 376 So.2d 507 (La.App. 4th Cir.1979), the plaintiff suffered a fractured ulna, fractured tibia and fibular, fractured rib and splenectomy and was awarded $30,000.00.
Appellee cites the case of Lee v. Missouri Pacific R.R. Co., 540 So.2d 287 (La.1989) in support of the position that the trial court's award of $50,000.00 for the loss of spleen was too low. This court finds appellee's reliance on Lee misplaced. The injuries sustained by Mr. Lee were much more serious than those suffered by Mrs. Hackman. Lee underwent three serious operations including a total hip replacement. He was totally disabled and endured severe pain for two years. His doctors contemplated the need for an additional hip replacement. He suffered with a permanent limp, a permanent disability impairment of 25-30% as well as increased susceptibility to infection due to the loss of his spleen. The Lee case does not support an increase award in this case.
To the contrary we find we find $30,000.00 to be the maximum amount that could be awarded for the loss of the spleen alone. We reduce the trial court's general damage award for the loss of the spleen from $50,000.00 to $30,000.00.
We next consider the trial court's award of $25,000.00 for the hepatitis suffered by Mrs. Hackman. The Fourth Circuit held in De Battista v. Argonaut-Southwest Ins. *537 Co., 410 So.2d 279 at p. 280 (La.App. 4th Cir.1982) held where the record disclosed that plaintiff suffered for a period of five and one-half months from the first evidence of hepatitis until plaintiff was completely cured, that $15,000.00 was ample to compensate plaintiff for her injury and all incidental exposure. Mrs. Hackman's liver tests returned to normal within three months. In view of the fact that Mrs. Hackman has had no reoccurrence of hepatitis since 1975 and that her treatment was limited to taking various prescription drugs, bedrest and proper diet for a period not exceeding three months we find the trial court award of $25,000.00 to be excessive and reduce the award for hepatitis to $15,000.00.
The trial court's damage award is amended as follows:

Medical Expenses $ 5,743.28
Lost Income 8,000.00
General Damages:
concussion 5,000
hepatitis 15,000
loss of spleen 30,000 50,000.00
 __________
Damages 63,743.28
Less Tortfeasor Ins. - 25,000.00
Total $38,743.28

FARM BUREAU'S SPECIFICATION OF ERROR # 1: THE TRIAL COURT ERRED IN DETERMINING THAT TERRY BELL WAS AN UNDERINSURED MOTORIST.
Farm Bureau's contention is based upon the assumption that the trial court abused its discretion and awarded excessive damages. We agree that the trial court awarded excessive general damages. However, even after our reduction of the general damage award, the damage award still exceeds the limits of Terry Bell's liability policy with USF & G. Lowering the damage award to a figure that still exceeds the USF & G policy limits pretermits this issue.
HACKMAN'S SPECIFICATION OF ERROR # 3: THE TRIAL COURT ERRED IN FAILING TO REACH THE UM COVERAGE STACKING ISSUE.
This specification of error is based upon the assumption that the trial judge failed to award adequate damages. Instead, we find the trial court awarded excessive damages.
Applicable law provided that all automobile liability insurance policies must provide uninsured motorist coverage of not less than the limits of bodily injury liability unless the insured rejects UM coverage or selects lower limits.[1] The trial court found the purported selection of lower limits invalid for want of authentic signature of the insured. The limit of bodily injury liability on Hackman's policy with Farm Bureau was $100,000.00. Thus, the limit on UM coverage was $100,000.00. The damage award is less than $100,000.00.
Because the damage award does not exceed the $100,000 UM limit, stacking is not at issue.
FARM BUREAU'S SPECIFICATION OF ERROR # 7: THE TRIAL COURT ERRED IN AWARDING PENALTIES AND ATTORNEY'S FEES UNDER LA. R.S. 22:658.
This contention is based on Farm Bureau's assertion that Hackman failed to prove either the elements of a UM claim or that Farm Bureau's offer to pay medical payments in 1975 was insufficient.
A claimant for penalties and attorneys fees under the statute has the burden of proving that the insurer failed to pay the claim within 60 days after receiving satisfactory proof of loss of the claim, and that the insurer was arbitrary or capricious in failing to pay. McDill v. Utica Mut. Ins. Co., 475 So.2d 1085, 1089 (La.1985). Satisfactory proof of loss within La.R.S. 22:658 is that which is sufficient to fully apprise the insurer of the insured's claim. Id. at 1089. To establish a satisfactory proof of loss of a UM claim, the insured must establish that the insurer received sufficient facts which apprise insurer that (1) the owner/operator of the other vehicle involved in the accident was uninsured or underinsured; (2) the owner/operator of the other vehicle was at fault; (3) such fault gave rise to damages; and (4) establish the extent of those damages. Id. at 1089.
*538 In the instant case, Hackman failed to apprise Farm Bureau that the tortfeasor's fault gave rise to all of her claimed damages. Specifically at issue were whether the splenectomy and hepatitis were the result of the auto accident. Hackman's own treating physician, Dr. Levy, submitted opinions stating that he could not determine whether the laceration to the spleen occurred during the car accident or the fall. Without the necessary causal link, satisfactory proof of loss was not provided.
In 1975 Farm Bureau offered to pay medical payments. Hackman rejected that offer. Again at issue was whether the splenectomy and hepatitis were related to the car accident. It cannot be said that Farm Bureau acted arbitrary or capricious in failing to pay Hackman's medical expenses for the splenectomy and hepatitis because there was a legitimate basis for dispute.
We find the trial judge erred in awarding penalties and attorney's fees under La.Rev. Statute 22:658. Accordingly, we reverse the trial court's award of penalties and attorney's fees against Farm Bureau.
HACKMAN'S SPECIFICATION OF ERROR # 2: THE TRIAL COURT ERRED IN AWARDING INSUFFICIENT PENALTIES.
This specification of error is based on an assumption that the trial court did not err in awarding penalties and that quantum was inadequate. Our finding that the trial court erred in awarding penalties and attorney's fees pretermits this issue.
FARM BUREAU'S SPECIFICATION OF ERROR # 8: THE TRIAL COURT ERRED IN COMPUTING JUDICIAL INTEREST ON ANY UM AWARD FROM DATE OF THE ORIGINAL PETITION.
Farm Bureau asserts that judicial demand for UM coverage was not made until the amending petition was filed in 1980. Because interest runs from the date of judicial demand, Farm Bureau asserts that interest runs from 1980, the date of the amending petition. We disagree.
An amending petition that arises out of the same transaction or occurrence as the original petition, relates back to the date of filing the original petition. La.C.Civ.P. 1153. As previously discussed, the amending petition in this case relates back to the date of filing the original petition. The issue here is whether the relation back also applies to the computation of interest.
Relation back under La.C.Civ.P. art. 1153, which ordinarily is applied to interrupt prescription, also applies to pre-judgment interest. Cole v. Celotex, 599 So.2d 1058, 1082 (La.1992) (discussing Burton v. Foret, 498 So.2d 706 (La.1986)). Therefore, because the amending petition asserting the UM claim relates back to the date of filing the original petition, we hold that judicial interest on the UM claim runs from the date of filing the original petition.
Accordingly, for the foregoing reasons, the trial court's judgment is amended and as amended, affirmed in part, and reversed in part to provide as follows:
IT IS ORDERED, ADJUDGED, AND DECREED that there be judgment in favor of plaintiff, Marion Hackman, and against defendant, Southern Farm Bureau Casualty Insurance for $38,743.28 together with interest thereon at the legal rate from date of judicial demand until paid and for all costs.
Each party to bear its own cost of appeal.
AMENDED, AND AS AMENDED, AFFIRMED IN PART; REVERSED IN PART.
NOTES
[1] La.Rev.Stat. 22:1406(D) as in effect at that time. Effective January 1, 1993, Title 22 was revised.