It LOVE, Judge.
The defendants, Kermit Smith and the State of Louisiana through the Department of Public Safety and Corrections appeal the trial court’s judgment taxing them with costs and fees.

FACTS AND PROCEDURAL HISTORY

On May 2, 1990, Gordon J. Trentecosta (Mr. Trentecosta) sued the defendants, Robert Beck (Mr. Beck), Ronnie Jones (Mr. Jones), Kermit Smith (Mr. Smith) and the Department of Public Safety and Corrections for defamation in the 34th Judicial District Court for the Parish of St. Bernard. On April 7,1993, Mr. Trentecos-ta’s petition for damages was amended to add C & T Arabi, Inc. (C & T) as a plaintiff. C & T is owned by Mr. Trente-costa and his wife. Mr. Trentecosta and C & T won the lawsuit and the defendants appealed the trial court’s judgment. This Court affirmed the trial court’s judgment as to both liability and damages. Thereafter, the defendants sought and were granted writs to the Louisiana Supreme Court of Louisiana. The Supreme Court vacated the judgments of the trial court | ?.and the Fourth Circuit Court of Appeal and then remanded the case back to the Fourth Circuit Court of Appeal. On remand, this court entered a judgment in favor of the plaintiffs and against all of the defendants. This court awarded Trentecosta $50,000 and C & T Arabi, Inc. $94,357.50. The *887 defendants then applied for writs to the Louisiana Supreme Court but were denied.
After the Fourth Circuit Court of Appeal rendered judgment, the plaintiffs demanded payment of the damages, costs and interest. The defendants tendered payment of the judgment for an amount less than that requested by the plaintiffs. The plaintiffs accepted the payment and then brought a Motion to Tax Costs and Interests against the defendants. In their motion, the plaintiffs alleged that they were entitled to a judgment for costs in the amount of $3,753.17 and that the interest on the judgment in favor of C & T should date back to the date the original petition was filed by Mr. Trentecosta. The trial court denied the plaintiffs’ motion. The plaintiffs then filed a Motion for a New Trial alleging that the judgment of the trial court failed to mention an award for costs and expert fees and that the judgment was contrary to the law. On October 13, 1999, the trial court first amended the judgment, awarding plaintiffs costs and expert fees. Then, on December 20,1999, the trial court granted the Motion for a New Trial and rendered a judgment for pre-judgment interest in favor of C & T Arabi, Inc. back to the filing of the original petition filed by Mr. Trentecosta. The defendants now appeal the judgment of the trial court awarding costs to plaintiffs.
| ^DISCUSSION
The two issues that this court must determine are 1) Did the trial court have subject matter jurisdiction to determine the costs and fees in this lawsuit and 2) Whether C & T, who was added to the lawsuit through amendment of the petition, is entitled to an award of interest and costs dating from the filing of the original lawsuit. First we will address whether the trial court had proper jurisdiction to award the costs and fees. Louisiana Code of Civil Procedure, Article 2088 outlines the powers retained by the trial court, following the filing of an appeal. This statute provides as follows:
Art. 2088
The jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order of appeal and the timely filing of the appeal bond, in the case of a suspensive appeal or on the granting of the order of appeal, in the case of. a devolutive appeal. Thereafter, the trial court has jurisdiction in the case only over those matters not reviewable under the appeal, including the right to:
(1) Allow the taking of a deposition, as provided by Article 1433;
(2) Extend the return day of the appeal, as provided in Article 2125;
(3) Make or permit the making of, a written narrative of. the facts of the- case, as provided in Article 2131;
(4) Correct any misstatement, irregularity, informality, or omission’of the trial record, as provided in Article 2132;
(5) Test the solvency of the surety on the appeal bond as of the date of its filing or subsequently, consider objections to the form, substance and sufficiency of the appeal bond, and permit the curing thereof, as provided in Articles 5123, 5124, and 5126;
(6) Grant an appeal to another party;
(7) Execute or give effect to the judgment when its execution or effect is not suspended by the appeal;
14(8) Enter orders permitting the deposit of sums of money within the meaning of Article 4658 of this Code;
(9) Impose the penalties provided by Article 2126, or dismiss the ap *888 peal, when the appellant fails to timely pay the estimated costs or the difference between the estimated costs and the actual costs of the appeal; or
(10) Set and tax costs and expert witness fees.
Consequently, it is clear from La. C.C.P. art. 2088(10) that despite an appeal, the trial court retains jurisdiction to award costs and fees. See Oliver v. Department of Public Safety & Corrections, Office of Alcoholic Beverage Control, 94 1228 (La. App. 1 Cir. 6/23/95), 657 So.2d 596; Chamberlain v. Burcham 624 So.2d 20 (La.App. 2 Cir.1993). The defendants argue that because the Louisiana Supreme Court remanded this case to the Fourth Circuit Court of Appeal, the trial court did not have jurisdiction to determine costs and fees. However, pursuant to La.C.C.P. Art. 2088, this proposition is erroneous. The defendants in Daney v. Haynes, 630 So.2d 949 (La.App. 4 Cir.1993) advanced a similar argument, contending that the trial court had no authority to enter a judgment awarding costs because the trial court had been divested of jurisdiction when the appeal order was signed. Id. at 955. The appellate court rejected this argument, finding that La.C.C.P. art. 2088(10) granted the trial court the power to render a judgment awarding costs and fees subsequent to an appeal. Id. As the court in Chamberlain, supra, stated:
Under the provisions of LSA-C.C.P. Art. 2088(10), a trial court retains jurisdiction to set and tax costs and expert witness fees even after the jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested and the jurisdiction of the appellate court attaches. [Emphasis added],
1,624 So.2d at 22.
Therefore, Louisiana’s Code of Civil Procedure and the corresponding case law make it clear that a trial court may award costs and fees following an appeal. We find no distinction between a trial court setting costs and fees after an appeal has been lodged and a trial court setting costs and fees after a case has been remanded to the appellate court. In both instances, although appellate jurisdiction has attached in different ways, the law remains that the trial court still retains jurisdiction to set costs and fees. Consequently, we find that the trial court committed no error with regard to this issue.
Now that we have determined that the trial court did indeed have jurisdiction to determine costs and fees, we must next decide whether C & T, as a plaintiff who was added by amendment of the original petition, has the right to pre-judgment interest dating from the filing of the original petition. We find that the trial court was correct that C & T Arabi should be awarded costs and interests dating from the inception of the original lawsuit.
Louisiana Code of Civil Procedure Art. 1153 states:
When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading.
Pursuant to this article, once an amendment is deemed to relate back to the filing date of the original petition, prescription with regard to the amendment is interrupted as of the filing date of the original petition. Hackman v. Southern Farm Bureau Ins. Co., 629 So.2d 531 (La.App. 5 Cir.1993); Gunter v. Plauche, 439 So.2d 437 (La.1983). This article has also been interpreted to extend this principle to a *889 petition that is amended to add an extra plaintiff. Giroir v. South Louisiana Medical Center, Division of Hospitals, 475 So.2d 1040 (La.1985); Phillips v. Palumbo, 94-1323 (La.App. 4 Cir. 12/15/94), 648 So.2d 40; Delmore v. Hebert, 99-2061 (La.App. 1 Cir. 9/22/00), 768 So.2d 251. Therefore, if a petition is amended to add an additional plaintiff or plaintiffs, the lawsuit for all plaintiffs is deemed filed the date that the original petition was filed.
This established, our courts have gone further and held that a plaintiff who is added by amendment of the original petition is entitled to judicial interest dating from the filing of the original petition. See Cole v. Celotex, 599 So.2d 1058 (La.1992); Rivard v. Petroleum Transport Co., Inc., 95-0431 (La.App. 4 Cir. 9/28/95), 663 So.2d 755; Hackman, supra. Specifically, in Hackman, the court stated:
Relation back under La.C.Civ. P. Art. 1153, which ordinarily is applied to interrupt prescription, also applies to pre-judgment interest. Cole v. Celotex, 599 So.2d 1058, 1082 (La.1992) (discussing Burton v. Foret, 498 So.2d 706 (La.1986)). Therefore, because the amending petition asserting the UM claim relates back to the date of filing the original petition, we hold that judicial interest on the UM claim runs from the date of filing the original petition. [Emphasis added]
Id. at 538.
It appears that the intent of Louisiana Code of Civil Procedure, Article 1153 is to accord all claims and parties which are added by amendment the same procedural posture as the claims and parties in the original petition. We find no reason to depart from this objective. Therefore, we find that the trial court was correct in holding that the plaintiff, C & T Arabi, should receive judicial interest from the date that the original petition was filed.
Accordingly, for the reasons stated, we affirm the judgment of the trial court.
AFFIRMED.