*374 hThe defendants, E. Carlyle Noel, Jr., M.D. and Ochsner Clinic of Baton Rouge, were sued by plaintiffs, Lori G. Alleman and Ronald Alleman, for personal injuries allegedly resulting from malpractice. Defendants filed a Motion in Limine in anticipation of plaintiffs’ attempting to introduce into evidence proof that another patient of Dr. Noel’s suffered a similar incident of “malpractice”. Defendants’ motion was granted and plaintiffs file their writ application on this issue.
On February 3, 1988, Lori Alleman and Susan Coyne both underwent abdominal hysterectomies performed by Dr. Noel, successively. They both subsequently developed vesicovaginal fistulas, which is allegedly a non-routine development following a hysterectomy, which causes bladder damage.
Defendants filed a motion in limine to prevent plaintiffs from introducing evidence of Ms. Coyne’s medical complications during the trial of malpractice as to Ms. Alleman by Dr. Noel. Defendants’ motion was granted by the trial court, and a judgment was signed to that effect. Plaintiffs seek reversal of this ruling in their writ application.
The issue presented to this court is whether or not the trial court correctly granted defendants’ motion in limine prohibiting plaintiffs from introducing evidence raising the fact of complications experienced by another patient of Dr. Noel.
12WRIT DENIED. This Court declines to exercise its supervisory jurisdiction. The criteria set forth in Herlitz Construction Company, Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981), are not met. Relator has an adequate remedy by review on appeal after a final judgment on the merits. Furthermore, there is no provision in the Louisiana Code of Civil Procedure for a motion in limine on evidentiary matters. This is not to say a trial judge cannot disclose his evidentiary rulings in advance of trial; however, such preliminary matters will not be reviewed by this Court.
LeBLANC, J., concurs in the writ denial.