WHIPPLE, J.
[¡¡In this consolidated workers’ compensation matter, claimant, Marshall Price, appeals from a judgment of the Office of Workers’ Compensation (“OWC”). For the following reasons, we affirm the December 2, 2011 judgment.
FACTS AND PROCEDURAL HISTORY
Claimant filed two disputed forms for compensation alleging three separate work-related incidents that occurred while he was employed as a police officer with the City of Ponchatoula for which he allegedly sustained injuries. The matters were consolidated pursuant to agreement by the parties and ultimately tried before the OWC on September 7 and 20, 2011.
After hearing the matter, the OWC rendered judgment: (1) finding that claimant violated the fraud provisions set forth in LSA-R.S. 23:1208(A); (2) assessing a civil penalty in the amount of $1,000.00 payable to the Kids Chance Scholarship Fund, Louisiana Bar Foundation, pursuant to LSA-R.S. 23:1208(D); (3) finding that claimant forfeited his right to any benefits under the Louisiana Workers’ Compensation Act pursuant to LSA-R.S. 23:1208(E); and (4) assessing claimant with all costs of the proceedings pursuant to LSA-R.S. 23:1310.9. A written judgment was signed on September 20, 2011.
On October 10, 2011, a subsequent hearing was held to determine the specific amount of costs. On December 2, 2011, the OWC signed a “Judgment on Motion to Assess Costs” ordering that claimant reimburse the Ponchatoula Police Department, through Risk Management, Inc., costs in the amounts of $5,088.35 for deposition costs and court reporter fees; $19.00 for subpoena fees; and $2,630.76 for medical records expenses.
On December 9, 2011, claimant filed a motion for new trial, challenging the December 2, 2011 judgment assessing costs. The matter was heard before the |3OWC on December 29, 2011, and on January 2, 2012, the OWC signed a judgment denying claimant’s motion for new trial.
After his motion for new trial was denied, on February 28, 2012, claimant filed a petition and order for devolutive appeal from the December 2, 2011 costs judgment, which was granted by the OWC.[1] In his brief to this court on appeal, however, claimant assigns error to the OWC’s underlying findings rendered in its September 20, 2011 judgment on the merits. Specifically, claimant contends that the *1055 OWC erred: (1) in finding claimant committed fraud pursuant to LSA-R.S. 28:1208; (2) in finding that claimant brought a frivolous claim and was responsible for retribution to the Louisiana Workforce Commission pursuant to LSA-R.S. 28:1810.9; (3) in failing to award claimant costs, penalties, and attorney’s fees for non-payment and late payment of benefits associated with the April 11, 2010 accident; and (4) in failing to address benefits owed for the July 8, 2010 accident and the August 24, 2010 accident.
DISCUSSION
At the outset, we note that the question of timeliness of an appeal is jurisdictional and must be considered. Jim & Lu Enterprises, Inc. v. Alcoholic Beverage Control Board for the City of Baton Rouge, 99-2907 (La.App. 1st Cir.12/22/00), 778 So.2d 75, 78. An appellant’s failure to file a devolutive appeal timely is a jurisdictional defect, in that neither the court of appeal nor any other court has the jurisdictional power and authority to reverse, revise or modify a final judgment after the time for filing a devolutive appeal has elapsed. Baton Rouge Bank & Trust Company v. Coleman, 582 So.2d 191, 192 (La.1991). When an appellant fails to file a devolutive appeal from a final judgment timely, the judgment acquires the authority of the thing adjudged, and the court of appeal has |4no jurisdiction to alter that judgment. Held v. Aubert, 2002-1486 (La. App. 1st Cir.5/9/03), 845 So.2d 625, 636.
In this instant case, claimant filed an appeal of a judgment assessing and fixing the amounts due for various costs. A judgment for costs rendered after the final judgment on the merits is a separate and appealable judgment. Hoyt v. State Farm Mutual Automobile Insurance Company, 623 So.2d 651, 664 (La. App. 1st Cir.), writ denied, 629 So.2d 1179 (La.1993); Little v. Pou, 42,872 (La.App. 2nd Cir.1/30/08), 975 So.2d 666, 681, writ denied, 2008-0806 (La.6/6/08), 983 So.2d 920. Under the provisions set forth in LSA-C.C.P. art. 2088(A)(10), a trial court retains jurisdiction to set and tax costs and expert witness fees even after the jurisdiction of the trial court over all matters reviewable under the appeal is divested and the jurisdiction of the appellate court attaches.[2] Because the trial court retains jurisdiction over matters concerning the setting and taxing of costs and expert witness fees, they do not affect the running of appellate delays with respect to a judgment on the merits. Chamberlain v. Burcham, 624 So.2d 20, 22 (La.App. 2nd Cir.), writ denied, 629 So.2d 1175 (La. 1993). A judgment taxing is a matter separate and distinct from the interlocutory judgment on a motion for JNOV/new trial, and a judgment taxing costs that is rendered after a final judgment on the merits does not affect the running of appellate delays with respect to the judgment on the merits. Chamberlain v. Burcham, 624 So.2d at 22.
|BThe September 20, 2011 judgment of the OWC on the merits has not been appealed herein. Claimant’s failure to timely file a devolutive appeal of the *1056 September 20, 2011 judgment is a jurisdictional defect, and this court has no jurisdictional power and authority to reverse, revise or modify that judgment after the time for filing a devolutive appeal has elapsed. See Baton Rouge Bank & Trust Company v. Coleman, 582 So.2d at 192; Jim & Lu Enterprises, Inc. v. Alcoholic Beverage Control Board for the City of Baton Rouge, 778 So.2d at 78; Held v. Aubert, 845 So.2d at 636.
Thus, to the extent that claimant challenges the findings rendered by the OWC in the September 20, 2011 judgment in his brief in this appeal, we note that the September 20, 2011 judgment of the OWC on the merits is a final judgment and that the findings and provisions therein have acquired the authority of a thing adjudged. Thus, in the instant appeal, we have no authority to alter same. Accordingly, we pretermit consideration of claimant’s challenges to the merits of the earlier judgment.
We recognize that even though claimant’s challenges to the judgment on the merits are not viable, the December 2, 2011 judgment setting the amount of costs has been timely appealed. See Louisiana Resources Company v. Roberts, 343 So.2d 1219, 1221 (La.App. 3rd Cir.1977). However, because claimant does not assign error to the methodology or calculations used to establish the amounts awarded therein, this appeal presents nothing for review.
CONCLUSION
For the above and foregoing reasons, the December 2, 2011 judgment of the OWC is affirmed. The remainder of the relief sought is denied. All costs of this appeal are assessed to the claimant/appellant, Marshall Price.
JUDGMENT OF DECEMBER 2, 2011 AFFIRMED.
HIGGINBOTHAM, J., concurs.
McCLENDON, J., concurs and assigns reasons.

. Claimant had initially filed a petition and order for a devolutive appeal from the "December 15, 2011” judgment of the OWC, which was subsequently denied by the OWC, because there was "no judgment signed on December 15, 2011.”

. Louisiana Code of Civil Procedure article 2088 provides in part:
A. The jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order of appeal and the timely filing of the appeal bond, in the case of a suspensive appeal or on the granting of the order of appeal, in the case of a devolutive appeal. Thereafter, the trial court has jurisdiction in the case only over those matters not reviewable under the appeal, including the right to:
(10) Set and tax costs and expert witness fees.