**STATE OF LOUISIANA**

**COURT OF APPEAL**

**FIRST CIRCUIT**

**2023 CA 0654**

AMANDA JONES

VERSUS

CITIZENS FOR A NEW LOUISIANA,
MICHAEL LUNSFORD, AND RYAN THAMES

Judgment Rendered: **JAN 2 6 2024**

\* \* \* \* \* \*

On Appeal from the Twenty-First Judicial District Court
In and for the Parish of Livingston
State of Louisiana
Docket No. 175021

Honorable Erika Sledge, Judge Presiding

\* \* \* \* \* \*

| | |
|---|---|
| Alysson L. Mills<br>Kristen D. Amond<br>New Orleans, Louisiana | Counsel for Plaintiff/Appellant<br>Amanda Jones |
| Charles L. Chassaignac, IV<br>Emily S. Morrison<br>Eleanor W. Wall<br>Baton Rouge, Louisiana | Counsel for Defendants/Appellees<br>Citizens for a New Louisiana and<br>Michael Lunsford |
| Joseph J. Long<br>Baton Rouge, Louisiana | Counsel for Defendant/Appellee<br>Ryan Thames |

\* \* \* \* \* \*

**BEFORE: McCLENDON, HESTER, AND MILLER, JJ.**

**McCLENDON, J.**

In this defamation case, the plaintiff appeals from a judgment of the trial court. For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

The plaintiff, Amanda Jones, is a librarian in Livingston Parish. Over the summer of 2022, she attended a meeting of the Livingston Parish Library Board. The public notice for the July 19, 2022 meeting referred to "book content" as an agenda item, and Ms. Jones spoke at the meeting against "the proposed policy of imposing content-based restrictions on books." The defendants, Michael Lunsford and Ryan Thames, were present at the meeting. Mr. Lunsford is executive director of Citizens for a New Louisiana, a non-profit corporation founded in 2018 whose purported mission is to "foster prosperity in Louisiana's overall economy by simplifying complex issues, promoting transparency in local government, and providing sound public policy insights based on thorough research and conservative principles." Mr. Thames operates a Facebook blog called "Bayou State of Mind," which Mr. Thames avers publishes political cartoons known as memes.

Ms. Jones alleges that after the meeting, Mr. Lunsford and Mr. Thames initiated a public campaign to defame her by posting pictures of her and comments about her on their respective social media accounts. Ms. Jones argues that the defendants targeted her by asserting that she "advocated providing erotic and pornographic material to children, and teaching children to perform sexual acts."[1] The defendants allegedly repeatedly referred to a book titled *Let's Talk About It: The Teen's Guide to Sex, Relationships, and Being a Human* and what they described as a picture of two men having anal sex. Ms. Jones alleges that Mr. Lunsford and Mr. Thames falsely represented that she had promoted the book in question, defended having it in the kids' section, and advocated for a book that teaches anal sex to 11-year-olds.

Ms. Jones contends that the defendants' statements are false and that she did not "promot[e] pornography and erotic content to kids." She avers that no one at the meeting ever mentioned "THAT book" and she did not "advocate[e] teaching anal sex to

---

[1] Among the posts by Citizens for a New Louisiana, Ms. Jones was accused of "promoting pornography and erotic contents to kids" and "'advocating' for having erotica in the kids section." Mr. Thames posted, among other things, that Ms. Jones was "advocating teaching anal sex to 11 year olds."

2

11 year olds." Ms. Jones asserts that the defendants apparently produced the book after the meeting with the intent to confuse their audience and smear her reputation. She also states that she has received death threats because of the defendants' false statements.

Following these events, Ms. Jones filed a Petition for Damages and for Injunctive Relief against Mr. Lunsford, Mr. Thames, and Citizens for a New Louisiana. In response, the defendants moved to strike her petition pursuant to Louisiana Code of Civil Procedure article 971.[2] The trial court granted the special motions to strike and signed a judgment on October 11, 2022, dismissing with prejudice Ms. Jones's claims against the defendants. The judgment also set a hearing date of November 21, 2022, to determine "an award of reasonable attorney's fees and costs pursuant to La. Code Civil Procedure Art. 971(B)[.]" Notice of the judgment was mailed to all counsel on October 13, 2022.

On October 20, 2022, Ms. Jones filed a Motion for New Trial, arguing that the judgment was contrary to the law and the evidence and that good grounds existed for reconsideration of said judgment. By consent motion and order signed by the trial court, the parties agreed to hear the motion for new trial on November 21, 2022, and to set the defendants' motions for attorney fees at a later date. After the hearing, the trial court denied Ms. Jones's motion for new trial. On December 14, 2022, the trial court signed its judgment, denying the motion for new trial and ordering that the hearing on the award of reasonable attorney fees and costs would be reset by the court. The notice of this judgment was sent on January 5, 2023.

Subsequently, the parties, to avoid "the substantial time and expense of a hearing and its attendant litigation" entered into a judgment, entitled "Final Judgment," which

---

[2] Louisiana Code of Civil Procedure article 971 provides, in pertinent part:

A. (1) A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established a probability of success on the claim.

(2) In making its determination, the court shall consider the pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based.

(3) If the court determines that the plaintiff has established a probability of success on the claim, that determination shall be admissible in evidence at any later stage of the proceeding.

B. In any action subject to Paragraph A of this Article, a prevailing party on a special motion to strike shall be awarded reasonable attorney fees and costs.

3

was signed by the trial court on March 2, 2023, and stipulated to the amount of attorney fees and costs incurred. Specifically, the judgment for attorney fees and costs provided that Ms. Jones "will pay $12,500 to Defendants Citizens for a New Louisiana and Michael Lunsford and $13,000 to Defendant Ryan Thames, constituting the reasonable attorney's fees and costs" that they incurred in the prosecution of their respective special motions to strike pursuant to LSA-C.C.P. art. 971 "after [Ms. Jones's] forthcoming appeal, provided that Defendants prevail on appeal." The notice of the judgment entitled "Final Judgment" was mailed on March 7, 2023.

On March 13, 2023, Ms. Jones filed a motion for appeal, averring therein that the "Court signed a final judgment disposing of all claims in this case on March 2, 2023. ... The final judgment anticipates an appeal, and [Ms.] Jones desires to appeal." The trial court granted an order of appeal from the "Final Judgment" signed on March 2, 2023. In her appeal from said March 2, 2023 judgment, Ms. Jones alleges that the trial court erred in granting the defendants' special motions to strike pursuant to LSA-C.C.P. art. 971 because, 1) Ms. Jones demonstrated a probability of success in proving each element of her defamation claim: defamatory words, falsity, malice, and injury; and 2) the trial court impermissibly resolved disputed issues of material fact in the defendants' favor.

After the record was lodged with this court, this court, *ex proprio motu*, issued a Rule to Show Cause Order, stating:

> It appears that the March 2, 2023 "Final Judgment" is not final for the purpose of appeal, as the stipulated relief provided in the judgment is contingent on a future event; namely, the Defendants prevailing on appeal. ... "A judgment that is contingent on the occurrence of a future event is indeterminate and not a valid, final, appealable judgment." Barfield v. Tammany Holding Company, 2016-1420 (La. App. 1st Cir. 6/2/17), 2017 WL 2399020, at *1.

Thereafter, in response to this court's show cause order, the parties obtained a Revised Final Judgment, signed by the trial court on August 28, 2023, which the parties aver addresses this court's concerns with the Final Judgment. Specifically, the Revised Final Judgment removed the provision that the attorney fees and costs are payable "provided

4

that Defendants prevail on appeal."[3] Because the Revised Final Judgment removed the contingency provision, we recall the rule to show cause order.

## DISCUSSION

Following oral arguments in this court, the parties were invited to file supplemental briefs in response to the court's questions regarding its appellate jurisdiction. The crux of the argument before this court is whether the October 11, 2022 judgment that addressed the motions to strike was an interlocutory judgment or a final judgment. If the judgment was interlocutory and not final and appealable until the attorney fees and costs were rendered, then Ms. Jones's appeal of the March 2, 2023 judgment as to the merits was timely. However, if the October 11, 2022 judgment regarding the merits was a final and appealable judgment, we must determine whether Ms. Jones's appeal of the March 2, 2023 judgment, in which she addressed the merits of the special motions to strike, was timely.

In response to this court's order granting leave to file supplemental briefs, Ms. Jones argued that the October 11, 2022 judgment granting the special motions to strike was interlocutory and not a final judgment, as the issue of the attorney fees had been deferred. She asserted that the judgment granting the defendants' motions to strike was only reviewable in an appeal from a subsequent final judgment resolving the attorney fees. Ms. Jones maintains that after the parties stipulated to the attorney fees and the trial court signed the judgment on March 2, 2023, the judgment became final, and she timely appealed.

Mr. Lunsford and Citizens for a New Louisiana filed their own supplemental brief.[4] Therein, they asserted that the October 11, 2022 judgment was a final appealable judgment, rather than an interlocutory judgment, and that pursuant to LSA-C.C.P. art. 2087(A)(2), the delay for taking a devolutive appeal from the October 11, 2022 judgment granting the defendants' special motions to strike was sixty days from the date of the mailing of the trial court's denial of Ms. Jones's motion for a new trial, which appeal delay

---

[3] On September 18, 2023, the Clerk's Office of this court supplemented the appellate record with the Rule to Show Cause Order and the Revised Final Judgment.

[4] Mr. Thames did not file a supplemental brief.

expired on March 6, 2023. Therefore, according to the defendants, because Ms. Jones did not file her motion for appeal until March 13, 2023, it was untimely. Mr. Lunsford and Citizens for a New Louisiana specifically referred to the 2021 revisions to LSA-C.C.P. art. 2088(A)(10), pursuant to which the trial court retains jurisdiction over those matters not reviewable under the appeal, which includes the right to set and tax costs, expert witness fees, and attorney fees.

An appellant's failure to file a devolutive appeal timely is a jurisdictional defect, in that neither the court of appeal nor any other court has the jurisdictional power and authority to reverse, revise or modify a final judgment after the time for filing a devolutive appeal has elapsed. When an appellant fails to file a devolutive appeal from a final judgment timely, the judgment acquires the authority of the thing adjudged, and the court of appeal has no jurisdiction to alter that judgment. See **Price v. City of Ponchatoula Police Dept.**, 2012-0727 (La.App. 1 Cir. 12/21/12), 111 So.3d 1053, 1055. Accordingly, we must determine whether the October 11, 2022 judgment was a final judgment and, if so, whether we have jurisdiction to review the October 11, 2022 judgment, which granted the defendants' special motions to strike, as asserted by Ms. Jones.

Louisiana Code of Civil Procedure article 2087 provides, in pertinent part:

A. Except as otherwise provided in this Article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken within sixty days of any of the following:

(1) The expiration of the delay for applying for a new trial or judgment notwithstanding the verdict, as provided by Article 1974 and Article 1811, if no application has been filed timely.

(2) The date of the mailing of notice of the court's refusal to grant a timely application for a new trial or judgment notwithstanding the verdict, as provided under Article 1914.

Additionally, LSA-C.C.P. art. 2088 provides, in relevant part:

A. The jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order of appeal and the timely filing of the appeal bond, in the case of a suspensive appeal or on the granting of the order of appeal, in the case of a devolutive appeal. Thereafter, the trial court has jurisdiction in the case only over those matters not reviewable under the appeal, including the right to do any of the following:

* * *

(10) Set and tax costs, expert witness fees, and attorney fees.

6

The 2021 Comments to Article 2088 also provide, in part:

> (a) The amendment to Subparagraph (A)(10) of this Article clarifies that the trial court retains jurisdiction for purposes of setting attorney fees after an appeal has been taken from the initial judgment. Trial courts award reasonable attorney fees in many judgments, but often these judgments are appealed before the attorney fees are set. With this amendment, it is no longer necessary for an appellate court to dismiss an appeal in order to allow the trial court to set the amount of the attorney fees, because the trial court has jurisdiction to set attorney fees while the appeal is pending.

In this matter, the October 11, 2022 judgment granted the special motions to strike and dismissed with prejudice Ms. Jones's claims against the defendants. The only unresolved issue was the award of reasonable attorney fees and costs, which the trial court, in the judgment itself, specifically indicated that it would determine at a later date. Under the provisions of LSA-C.C.P. art. 2088(A)(10), as amended, the trial court retained jurisdiction to set and tax attorney fees and costs, even after the jurisdiction of the trial court over all matters reviewable under the appeal was divested and the jurisdiction of the appellate court attached. See **Price**, 111 So.3d at 1055.[5] Thus, the October 11, 2022 judgment was a final judgment as it resolved all issues between the parties with the sole exception of attorney fees and costs, which the trial court retained jurisdiction to set under LSA-C.C.P. art. 2088(A)(10).

Accordingly, the sixty-day deadline for the filing of a devolutive appeal from the trial court's judgment of October 11, 2022, granting the defendants' motions to strike and dismissing Ms. Jones's claims, commenced when the notice of the judgment denying Ms. Jones's motion for new trial was mailed on January 5, 2023. Therefore, Ms. Jones's appeal of the October 11, 2022 judgment was untimely, given that the notice of the denial of the motion for a new trial was mailed on January 5, 2023, and Ms. Jones did not seek an appeal of the judgment granting the defendants' motions to strike until March 13, 2023.

Ms. Jones's failure to timely file a devolutive appeal of the October 11, 2022 judgment is a jurisdictional defect, and this court has no jurisdictional power and authority to reverse, revise, or modify that judgment after the time for filing a devolutive appeal

---

[5] Although the **Price** case involved costs and was decided in 2012, prior to the amendment of LSA-C.C.P. art. 2088(10) in 2021, we find the analysis therein instructive.

7

has elapsed. Thus, to the extent that Ms. Jones challenges the trial court's findings in the October 11, 2022 judgment, that judgment on the merits is a final judgment and has acquired the authority of a thing adjudged.[6]

Even though Ms. Jones's challenges to the judgment on the merits of the motions to strike are not viable, the March 2, 2023 judgment, setting the amount of attorney fees and costs, has been timely appealed. However, Ms. Jones's assignments of error only relate to the special motions to strike and not the attorney fees and costs, an amount to which the parties have previously stipulated. Therefore, because Ms. Jones does not assign any error regarding the attorney fees and costs, Ms. Jones has presented nothing for review with regard to the March 2, 2023 judgment. See **Price**, 111 So.3d at 1056. The March 2, 2023 judgment is affirmed.

## CONCLUSION

Considering the above, the March 2, 2023 judgment of the trial court is affirmed. All costs of this appeal are assessed to the plaintiff, Amanda Jones.

**AFFIRMED.**

---

[6] We also note that both the motion and order for appeal reference the March 2, 2023 stipulated judgment on attorney fees and costs, and not the October 11, 2022 judgment granting the Article 971 special motions to strike. However, even were we to consider this an appeal of both judgments, the outcome would be the same.

| | |
|---|---|
| STATE OF LOUISIANA | AMANDA JONES |
| COURT OF APPEAL | VERSUS |
| FIRST CIRCUIT | CITIZENS FOR A NEW LOUISIANA, MICHAEL LUNSFORD, AND RYAN THAMES |
| DOCKET NUMBER | 2023 CA 0654 |

**MILLER, J., dissenting.**

I respectfully dissent.

This court has, on multiple occasions, explained that a trial court's judgment granting a defendant's special motion to strike pursuant to La. C.C.P. art. 971 constitutes an interlocutory judgment that is reviewable in the appeal taken from the subsequent final and appealable judgment granting the defendant attorney fees as the prevailing party on the special motion to strike. Alost v. Lawler, 2020-0832 (La. App. 1st Cir. 6/2/21), 326 So. 3d 1255, 1260, writ denied, 2021-00941 (La. 10/19/21), 326 So. 3d 256, citing, Samuel v. Remy, 2015-0464 (La. App. 1st Cir. 8/31/16), 2016 WL 4591885, *5 (unpublished), writ denied, 2016-1785 (La. 11/29/16), 211 So. 3d 387. See also Davis v. Benton, 2003-0851 (La. App. 1st Cir. 2/23/04), 874 So. 2d 185, 188, n.1.[1] Peculiar to the special motion to strike, the attorney fees do not arise from sanctions or disciplinary action. Rather, the fees are a mandatory statutory award pursuant to La. C.C.P. art. 971. Triton Diving Services, LLC v. Offshore Marine Service Association, Inc., 2023-832 (La. App. 1st Cir. 9/21/23), 372 So. 3d 832, 839.

---

[1]The characterization of a judgment on the special motion to strike as interlocutory exists in apparent harmony with La. C.C.P. art. 1915 regarding partial judgments.

1

Here, the special motion to strike was granted and a judgment was signed on October 20, 2022. The judgment noted that a hearing on attorney fees and costs pursuant to La. C.C.P. art. 971(B) would be reset by the court. A judgment was entered on December 14, 2022, denying a new trial motion and notice of that judgment was sent on January 5, 2023. The judgment for attorney fees and costs was signed on March 2, 2023, with notice of that judgment mailed on March 7, 2023. Plaintiff's motion for appeal was timely filed on March 13, 2023.[2]

I recognize that La. C.C.P. art. 2088 has been amended to allow the trial court to retain jurisdiction for purposes of setting attorney fees after an appeal has been taken. However, since the ruling on the special motion to strike is interlocutory, the trial court retains jurisdiction regardless. I believe that the amendment to La. C.C.P. art. 2088 has not acted to redefine interlocutory judgments and thus should not cause us to question the jurisprudence characterizing a ruling on the special motion to strike as an interlocutory judgment.

I believe this court has jurisdiction over the matter and we should hear the appeal.

---

[2]The parties agreed to a "Revised Final Judgment" signed by the trial court on August 28, 2023. The August 28, 2023 judgment replaced the previous judgments as to the special motion to strike, the motion for new trial, and the judgment awarding attorney fees and costs. The express language of the revised judgment declared, "this judgment 'determines the merits in whole' and shall be deemed final and appealable pursuant to Louisiana Code of Civil Procedure articles 1841, 1918, and 2083."