STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2024 CA 0382

SCOTT GURNEY, IN HIS CAPACITY AS THE TRUSTEE OF THE
GURNEY FAMILY TRUST

VERSUS

JOSH P. MCCOY

Judgment Rendered:     NOV 1 3 2024

Appealed from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket No. 670818

The Honorable Donald R. Johnson, Judge Presiding

| | |
|---|---|
| Carroll Devillier, Jr.<br>Danielle L. Borel<br>Candace B. Ford<br>Baton Rouge, Louisiana | Counsel for Plaintiff/Appellee,<br>Scott Gurney, in his capacity as<br>Trustee of the Gurney Family Trust |
| Kyle M. Keegan<br>David A. Lowe<br>Amber N. Robichaux<br>Baton Rouge, Louisiana | Counsel for Defendant/Appellant,<br>Josh P. McCoy |

BEFORE: WOLFE, MILLER, AND GREENE, JJ.

GREENE, J. concurs

**MILLER, J.**

This matter is before us on appeal by the defendant, Josh P. McCoy, from an adverse judgment of the trial court. After appellate argument and submission, plaintiff filed a motion to partially dismiss the appeal. For the following reasons, we grant the motion, vacate the judgment in part, amend the judgment in part, affirm the judgment in part, and remand with instructions.

### FACTUAL AND PROCEDURAL HISTORY

Scott Gurney, in his capacity as Trustee of the Gurney Family Trust, (the Gurney Trust) filed suit on a promissory note ("the note") against the borrower, Josh P. McCoy, contending that Mr. McCoy was in default on the note by failing to make all required payments due. The Gurney Trust thus sought judgment against Mr. McCoy for the principal sum of $711,274.97, plus accrued and unpaid interest, late fees, legal interest on the judgment until paid, attorney's fees, and costs. Mr. McCoy filed an answer and reconventional demand contending that the Gurney Trust was not entitled to a judgment on the note, and that, as a result of various transactions between the parties involving other business entities in which they held ownership interests, McCoy was entitled to a money judgment in his favor.

The matters proceeded to a bench trial on May 18 and 19, 2023. Following post-trial briefing by the parties, the trial court signed the following three judgments on August 22, 2023:

(1) a judgment sustaining an objection to McCoy Exhibit 12 and striking all testimony related thereto as inadmissible;

(2) a judgment dismissing the claims asserted by Mr. McCoy in his reconventional demand with prejudice; and

(3) a judgment dismissing the claims asserted by Mr. McCoy in his reconventional demand with prejudice and rendering judgment on the merits of the

2

main demand in favor of the Gurney Trust and against Mr. McCoy, awarding: the principal amount of $711,274.97, plus accrued and unpaid interest in the amount of $90,000.00, plus late fees in the amount of $40,063.35; judicial interest from October 25, 2017, until the judgment is satisfied; and attorney's fees and costs to be determined at a later evidentiary hearing.

On December 4, 2023, the trial court conducted the anticipated evidentiary hearing to determine the amount of attorney's fees and costs pursuant to its prior award of same. On December 7, 2023, the trial court signed a "Final Judgment" setting the amount of attorney's fees, court costs, deposition costs, costs for copies of acts, and expert witness fees pursuant to the terms of the promissory note. The judgment also restated the trial court's rulings previously rendered in the August 22, 2023 judgments.

Mr. McCoy filed a motion for suspensive appeal of the trial court's December 7, 2023 "Final Judgment," contending that the trial court erred in dismissing his reconventional demand; sustaining an objection to Mr. McCoy's testimony; excluding McCoy Exhibit 12; rendering judgment on the main demand in favor of the Gurney Trust for the principal amount of $711,274.97, $90,000.00 in unpaid interest on the note, and judicial interest from October 25, 2017; and in its award of attorney's fees, deposition costs, and expert witness fees through fourteen assignments of error.

## DISCUSSION

### Appellate Jurisdiction

At the outset, we note that the majority of Mr. McCoy's assignments of error on appeal challenge rulings that were rendered by the trial court in its August 22, 2023 judgment on the merits, or rulings that were otherwise reviewable on appeal

3

of the judgment on the merits.[1] Thus, we must initially determine if the August 22, 2023 judgment on the merits is a final judgment and whether this court has jurisdiction to review it. The August 22, 2023 judgment disposed of all matters before the trial court, except for the setting of the amount of attorney's fees and costs awarded, which the trial court indicated it would determine at a subsequent evidentiary hearing.[2] Thus, the August 22, 2023 judgment was a final appealable judgment. See La. C.C.P. art. 2088(A)(10).

The failure to timely file a devolutive appeal is a jurisdictional defect, in that neither the court of appeal nor any other court has the jurisdictional power and authority to reverse, revise, or modify a final judgment after the delays for filing have elapsed. Price v. City of Ponchatoula Police Department, 2012-0727 (La. App. 1st Cir. 12/21/12), 111 So. 3d 1053, 1055. Once appeal delays have elapsed, the judgment acquires the authority of the thing adjudged. Price, 111 So. 3d at 1055. Moreover, it is generally well-settled law that a valid and final judgment is conclusive between the same parties, except on appeal or other direct review. La. R.S. 13:4231; Pontchartrain Natural Gas Systems v. Texas Brine Company, LLC, 2018-0004 (La. App. 1st Cir. 6/6/18), 255 So. 3d 644, 648, writ denied, 2018-1431 (La. 12/3/18), 257 So. 3d 1259.

---

[1]A judgment that does not determine the merits, but only determines preliminary matters in the course of the action, is an interlocutory judgment, which is only appealable when expressly provided by law. La. C.C.P. arts. 1841 and 2083(C). However, when an unrestricted appeal is taken from a final judgment, the appellant is entitled to seek review of all adverse interlocutory judgments rendered in the same case, in addition to the review of the final judgment. Carter v. Hi Nabor Super Market, LLC, 2013-0529 (La. App. 1st Cir. 12/30/14), 168 So. 3d 698, 702; see also Alleman v. Noel, 640 So. 2d 373, 374 (La. App. 1st Cir. 1994) (Evidentiary rulings are reviewable on appeal after a final judgment on the merits.).

[2]Once a judgment is appealed, the trial court retains jurisdiction to set the amount of costs, expert witness fees, and attorney's fees. La. C.C.P. art. 2088(A)(10). Because the trial court retains jurisdiction over these matters after its jurisdiction over all matters reviewable on appeal is divested and the jurisdiction of the appellate court attaches, the running of appellate delays with respect to a judgment on the merits are not affected by the trial court's retained jurisdiction. See La. C.C.P. art. 2088(A)(10); Price, 111 So. 3d at 1055.

4

Notice of the August 22, 2023 judgment on the merits was issued on August 24, 2023. The parties had seven days, exclusive of legal holidays, after the mailing of the notice of judgment to file a motion for a new trial, which was September 5, 2023.[3] See La. C.C.P. art. 1974. The delays within which to appeal this judgment expired sixty days from the expiration of the delay for applying for a new trial or judgment notwithstanding the verdict. See La. C.C.P. art. 2087.[4] Sixty days from September 5, 2023 is Saturday, November 4, 2023. Saturdays and Sundays are legal holidays. See La. R.S. 1:55. Moreover, in computing time, the last day of the period is to be included, unless it is a legal holiday, in which event the period runs until the end of the next day which is not a legal holiday. La. C.C.P. art. 5059(A); see Stogner v. Toyota Motor Sales, U.S.A., Inc., 2023-1234 (La. App. 1st Cir. 6/3/24), 392 So. 3d 377, 379 n.3. As such, the deadline for filing the appeal would have been Monday, November 6, 2023.

It appears from the record before us, however, that no appeal was taken from the August 22, 2023 judgment on the merits challenging the rulings therein or the rulings from the interlocutory judgments rendered on August 22, 2023. Instead, Mr. McCoy filed an appeal of the December 7, 2023 judgment fixing the amounts due for various costs and restating the trial court's rulings from its August 22, 2023 judgments.[5] When a judgment for costs is rendered after a final judgment on the

---

[3]September 4, 2023, was a legal holiday, thus making September 5, 2023, the deadline for filing a motion for new trial.

[4]Louisiana Code of Civil Procedure article 2087 provides in part:

A. Except as otherwise provided in this Article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken within sixty days of any of the following:

(1) The expiration of the delay for applying for a new trial or judgment notwithstanding the verdict, as provided by Article 1974 and Article 1811, if no application has been filed timely.

[5]At the conclusion of the December 4, 2023 hearing on the motion to tax costs, counsel for the Gurney Trust inquired about including the rulings from the August 22, 2023 judgments in the judgment setting costs. The trial court replied, "No – I've already signed off on the judgment." The trial court further advised, "I would just do a supplement and if he wants to

merits, the costs judgment is a separate, final appealable judgment. Bridges v. Baton Rouge General Medical Center, 2020-0270 (La. App. 1st Cir. 12/30/20), 317 So. 3d 662, 683, writ denied, 2021-00144 (La. 4/7/21), 313 So. 3d 985. The fact that the December 7, 2023 judgment restated the rulings previously rendered by the trial court in its August 22, 2023 judgments is of no moment where those rulings were final and conclusive between the same parties, in the absence of an appeal of the August 22, 2023 judgment. See La. R.S. 13:4231; Price, 111 So. 3d at 1055-1056.

Mr. McCoy's failure to timely appeal the August 22, 2023 judgment on the merits creates a jurisdictional defect such that this court has no jurisdiction to reverse, revise, or modify that judgment as the delays for appealing the judgment have elapsed. Thus, to the extent that Mr. McCoy challenges those rulings in this appeal, the August 22, 2023 judgment is a final judgment and has acquired the authority of a thing adjudged.[6] See Price, 111 So. 3d at 1055-1056.

### Challenges to Costs and Fees

This court does have jurisdiction to review Mr. McCoy's assignments of error challenging the amounts awarded in the December 7, 2023 judgment for attorney's fees, deposition costs, and expert witness fees, which were timely appealed.

The trial court may render judgment for costs, or any part thereof, against any party, as it may consider equitable. La. C.C.P. art. 1920. A determination of what is "equitable" requires a case-by-case analysis and review of the facts

---

appeal both he'll have to just appeal both judgments." The trial court further explained, "I retain authority to deal with fees even if it goes up to the court of appeal. So just send me a separate judgment on [costs]." We are unable to determine from the record and briefs why a separate judgment only taxing costs was not prepared or why Mr. McCoy chose not to appeal the August 22, 2023 judgment on the merits.

[6]Following argument before this court and submission of this case for decision, the Gurney Trust filed a motion for partial dismissal of this appeal contending that this court has no jurisdiction over the assignments of error arising from the trial court's August 22, 2023 judgment on the merits. We grant the motion pursuant to our ruling herein.

6

involved. <u>Collier v. Board of Supervisors of Louisiana State University and Agricultural and Mechanical College</u>, 2023-1211 (La. App. 1st Cir. 7/22/24), __ So. 3d __, __, 2024 WL 3507242, *7. The trial court has great discretion in awarding costs, including expert witness fees, deposition costs, exhibit costs, and related expenses, which will not be disturbed on appeal absent an abuse of discretion. <u>Falgout v. American Alternative Insurance Corporation</u>, 2023-1261 (La. App. 1st Cir. 6/27/24), __ So. 3d __, __, 2024 WL 3199221, *2.

The motion to tax costs was heard on December 4, 2023. In support of its motion, the Gurney Trust introduced its motion and attached exhibits, which included: (a) the August 22, 2023 judgments; (b) the affidavit of Mr. Gurney with an attached promissory note and deposition invoices;[7] and (c) the affidavit of the Gurney Trust's expert witness, Jason MacMorran, with an attached retainer invoice and expert fee invoices without objection. Following the hearing, the trial court rendered a judgment on December 7, 2023, awarding the Gurney Trust $2,939.00 for deposition costs "pursuant to the promissory note and La. R.S. § 13:4533;" $21,320.00 in expert witness fees for time spent in court and for work expended by Mr. MacMorran in preparation of trial "pursuant to the promissory note and La. R.S. 13:3666(A);" and $240,767.50 in attorney's fees "pursuant to the terms of the promissory note," minus $47,094.50 in attorney's fees related to the two motions for summary judgment and the appeals related thereto, for a net total award of $193,673.00.[8]

Mr. McCoy signed the note at issue as the "Borrower/Maker." With reference to attorney's fees and costs, the note provides:

---

[7]The promissory note attached to the motion to tax costs as Exhibit B-1 was not the note subject to the instant suit. The note attached secured a separate loan between the lender, the Gurney Family Trust, and borrower, Deer Dynasty Properties, LLC.

[8]Although the note provides for the payment of any and all reasonable attorney's fees incurred without limitation, the Gurney Trust has not appealed or filed an answer to the instant appeal challenging the trial court's offset of attorney's fees related to the motions for summary judgment.

7

**10. Attorneys' Fees.** In the event it should become necessary to employ counsel to collect this Note, *Borrower agrees to pay the attorneys' fees and costs of the holder* hereof, irrespective of whether suit is brought, *including, without limitation, any and all reasonable prejudgment and post-judgment attorneys' fees and costs incurred* (including, without limitation, fees and costs incurred in connection with any matter arising under Title 11 of the United States Code).

(Emphasis added.)

## Deposition Costs

In support of its motion, the Gurney Trust attached the affidavit of Scott Gurney. Mr. Gurney attested that the Gurney Trust incurred deposition costs of $2,939.00 "related to the collection of the balance due under the Note[.]" Invoices from Baton Rouge Court Reporters, LLC attached to Mr. Gurney's affidavit established that the depositions of Mr. McCoy, Mr. Gurney, Tracy Curtis, and Mr. MacMorran were taken at a total cost of $2,939.00. The judgment awarded $2,939.00 for deposition costs "pursuant to the promissory note and La. R.S. § 13:4533[.]"

Mr. McCoy contends that trial court erred in awarding costs for the depositions. Louisiana Revised Statute 13:4533 provides that "[t]he costs of the clerk, sheriff, witness' fees, costs of taking depositions and copies of acts *used on the trial,* and all other costs allowed by the court, shall be taxed as costs." (Emphasis added.) Mr. McCoy argues that because the depositions were not introduced or accepted into evidence at trial, they were not "used on the trial" in accordance with La. R.S. 13:4533.

We find no merit to this argument. This court has previously held that depositions used for impeachment purposes, but not introduced and accepted into evidence, are "used on the trial" for the purpose of La. R.S. 13:4533, and may be taxed as costs.[9] See A.B.S. Services, Inc. v. James Construction Group, L.L.C.,

_____

[9]The depositions of Mr. McCoy and Mr. Gurney herein were used for impeachment purposes at trial.

8

2020-0841 (La. App. 1ˢᵗ Cir. 7/22/21) (unpublished), 2021 WL 3087879, *9, writ denied, 2021-01635 (La. 1/12/22), 330 So. 3d 624; Gauthier v. Wilson, 2004-2527 (La. App. 1st Cir. 11/4/05), 927 So.2d 383, 387, writ denied, 2005-2402 (La. 3/31/06), 925 So.2d 1258.  Moreover, this court has held that La. R.S. 13:4533 refers to costs allowed to be taxed as court costs, but where the costs of depositions are provided for by contract, La. R.S. 13:4533 does not apply.  See Sod Farm, L.L.C. v. Lakewood Development, L.L.C., 2011-1204 (La. App. 1ˢᵗ Cir. 3/28/12) (unpublished), 2012 WL 1070042 *2, writ denied, 2012-1236 (La. 9/21/12), 98 So. 3d 343.

A promissory note is a contract between the parties and is to be enforced according to its terms.  Lehman v. Benasco, 2023-0694 (La. App. 1ˢᵗ Cir. 2/8/24), 384 So. 3d 366, 370.  A signature on a promissory note is not a mere ornament and it is incumbent upon the party signing such obligation to examine it before signing it.  Sonnier v. Boudreaux, 95-2127 (La. App. 1ˢᵗ Cir. 5/10/96), 673 So. 2d 713, 717.  When the language of the note is clear and unambiguous, as in the instant case, a person's signature guarantees his obligation to pay.  Zanders v. Davis, 2019-1057 (La. App. 1ˢᵗ Cir. 2/21/20), 298 So. 3d 739, 742-743.

On review, we find that Mr. McCoy is bound to the terms of the promissory note, wherein he specifically agreed to pay, "without limitation, any and all reasonable … costs incurred" in the event it became necessary to employ counsel to collect on the note.  The Gurney Trust contends that, by its terms, the promissory note places no statutory limitations on the costs permitted.  The Gurney Trust further contends that it incurred the deposition costs in its efforts to enforce collection of the note.  There is no countervailing evidence or testimony in the record before us to indicate that the cost of these depositions was not incurred in the efforts to collect this note and that such costs are not reasonable.  Moreover, the Gurney Trust prevailed on its suit to collect on the promissory note and the trial

court's December 7, 2023 judgment included an award of deposition costs "pursuant to the promissory note[.]" We find no abuse of the trial court's discretion in awarding the Gurney Trust the costs of the depositions. See Lehman, 384 So. 3d at 370.

## Expert Witness Fees

Mr. McCoy also contends that the trial court erred in awarding the entirety of expert witness fees charged by Mr. MacMorran, arguing that the documentation substantiating Mr. MacMorran's fees is insufficient; an invoice contained a duplicate billing in the amount of $3,500.00; the firm's engagement letter indicates a maximum billable rate of $425.00 per hour and an invoice contains a charge of $440.00 per hour; and Mr. MacMorran did not testify at the hearing to tax costs.

Mr. MacMorran attested that he was retained by the Gurney Trust for professional services to perform a business valuation analysis of Deer Dynasty Properties, LLC, and Deer Dynasty Ranch, LLC, for use in the member dispute involving Mr. McCoy. In connection therewith, Mr. MacMorran submitted to a deposition in this case. He was present for both days of trial where he was tendered and accepted as an expert in business valuations and forensic accounting pursuant to the parties' stipulation. Mr. MacMorran testified about the nature of the work he performed. He prepared two expert reports that were introduced at the trial on the merits as Exhibits 43A and 43B valuing Deer Dynasty Properties, LLC, and Deer Dynasty Ranch, LLC, because Mr. McCoy raised the issue of the value of those companies as a defense to paying the note. These detailed reports combined contained nearly one seventy pages of extensive research and analysis outlining the individual values of the businesses and their marketability. Mr. MacMorran attested that his expert witness fees totaled $21,320.00 through the trial of this matter. Invoices from his accounting firm, Postlethwaite & Netterville,

supporting this amount were attached to his affidavit. Mr. MacMorran was also present at the hearing to tax costs, but was not called to testify by either party.

The invoices established the following charges:

| 5/25/2022 | Retainer fee | $7,500.00 |
|---|---|---|
| 6/26/2022 | Valuations of Deer Dynasty Ranch and Deer Dynasty Properties | $3,500.00[10] |
| 9/19/2022 | A supplemental retainer for professional services in regard to the business valuation analysis of Deer Dynasty Ranch and Deer Dynasty Properties for use in a member dispute | $3,500.00 |
| 5/19/2023 | Trial preparation, attendance, and testimony 15.5 hours x $440.00/ hour = | $6,820.00 |

Thus, the total charges invoiced amounted to $21,320.00, which is the amount testified to by Mr. MacMorran and the amount awarded by the trial court.

As set forth above, the trial court awarded the Gurney Trust $21,320.00 in expert witness fees for Mr. MacMorran's time spent in court and for work expended in preparation of trial "pursuant to the promissory note and La. R.S. 13:3666(A)." We have already determined herein that the promissory note is the law between the parties and is to be enforced according to its terms, which include Mr. McCoy's agreement to pay any and all "reasonable" costs incurred "without limitation." See Lehman, 384 So. 3d at 370. Thus, we are required to determine whether the expert fees were incurred and whether they are reasonable. Louisiana Revised Statute 13:3666(A) authorizes the trial court to award and fix expert witness fees and does not necessarily conflict with the terms of the note. Louisiana Revised Statute 13:3666(A) provides that:

Witnesses called to testify in court only to an opinion founded on special study or experience in any branch of science, or to make scientific or professional examinations, and to state the results thereof, shall receive additional compensation, to be fixed by the court, with

---

[10]The fee for valuating Deer Dynasty Ranch, LLC and Deer Dynasty Properties was $11,000.00. However, according to the invoice, the $7,500.00 retainer fee was applied to this invoice charge leaving a balance of $3,500.00.

reference to the value of time employed and the degree of learning or skill required.

We have reviewed the invoices submitted and find no merit to Mr. McCoy's argument that there was a duplicate billing in the amount of $3,500.00. We further find no merit to Mr. McCoy's argument concerning the sufficiency of the documentation substantiating the expert fees. Mr. MacMorran testified concerning the nature and extent of his work at the trial on the merits and the detailed business valuation reports he prepared, which were submitted into evidence. His reports contained extensive analysis and addressed the complexity of the issues presented. The invoices for his services were introduced at the costs hearing without objection and provided an explanation for the charge as well as the amount of the charge. Although Mr. McCoy contends that the Gurney Trust failed to present evidence of specific services provided and value of out-of-court work because Mr. MacMorran did not testify at the costs hearing, we find that Mr. MacMorran's testimony concerning his services at the trial on the merits was sufficient to justify the amounts charged.[11]

With reference to Mr. McCoy's argument that the hourly rate of $440.00 exceeds the maximum rate provided for in the retainer agreement, we note that the maximum rate agreed upon was $425.00 per hour. Where the maximum amount billable pursuant to the retainer agreement is $425.00 per hour, we find the trial court abused its discretion in applying the hourly rate of $440.00 in the absence of any evidence of an agreement by the parties to this amount. We will thus apply the

---

[11]At the costs hearing, counsel for the Gurney Trust indicated that Mr. MacMorran was present, stating: "Exhibit C, is the affidavit of Jason MacMorran, who is our expert witness and who is here in court testifying how much was incurred in expert fees." Neither party elected to question Mr. MacMorran concerning the expert fees.

hourly rate of $425.00 per hour and amend the judgment to reduce the award of expert witness fees from $21,320.00 to $21,087.50.[12]

## Attorney's Fees

Finally, Mr. McCoy contends that the trial court's award of attorney's fees is excessive. A trial court judge has much discretion in fixing an attorney's fee, and its award will not be modified on appeal absent a showing of an abuse of that discretion. Crawford v. Blue Cross Blue Shield of Louisiana, 99-2503 (La. App. 1st Cir. 11/3/00), 770 So. 2d 507, 518, writ denied, 2000-3267 (La. 2/16/01), 786 So. 2d 98.

After deducting the amount of attorney's fees expended on the motions for summary judgment, the trial court awarded $193,673.00 in attorney's fees "pursuant to the terms of the promissory note[.]" Again, pursuant to the note, Mr. McCoy agreed to pay, without limitation, any and all *reasonable* pre-judgment and post-judgment attorney's fees incurred. On review, we will address whether the amount awarded was reasonable.[13]

Pursuant to Rule 1.5(a) of the Rules of Professional Conduct, the factors to be considered in determining the reasonableness of an attorney fee include:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

---

[12]15.5 hours x $440.00/hour = $6,820. 00. 15.5 hours x $425.00/hour = $6,587.50. The difference between the two amounts is $232.50. We thus reduce the award of $21,320.00 by $232.50, which results in an amended award of $21,087.50.

[13]Although the note herein did not "fix" a specific amount for attorney's fees, we note that La. C.C. art. 2000 provides: "If the parties, by written contract, have expressly agreed that the obligor shall also be liable for the obligee's attorney fees ..., the obligee is entitled to that amount as well."

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.

In his affidavit, Mr. Gurney attested that the Gurney Trust *incurred* $240,767.50 in attorney's fees in attempting to collect the balance due on the note from Mr. McCoy "through the trial of this matter[.]" The trial court reduced this amount by $47,094.50 related to the two motions for summary judgment and subsequent appeals, awarding the Gurney Trust the balance of the attorney's fees incurred in the amount of $193,673.00. However, aside from the affidavit of Mr. Gurney that these fees were incurred, there is no evidence in the record before us to establish the reasonableness of attorney's fees. In the absence of any such evidence, we are unable to determine on review whether the fees are reasonable pursuant to the note.

Although a written agreement may provide for a specified attorney's fee, the courts may inquire into the reasonableness of the fee. Crawford, 770 So. 2d at 518. Where the record contains no testimonial or documentary evidence to substantiate the amount of time actually expended by plaintiff's attorney for the trial court to use in reviewing the reasonableness of a request for attorney's fees, an appellate court may remand the matter to the trial court to determine, after a hearing in which plaintiffs are allowed to introduce evidence as to attorney's fees actually incurred, the amount of attorney fees to be awarded. See Jacobson v. Nezat, 2007-2423 (La. App. 1st Cir. 5/2/08), 2008 WL 2065057, *2 (unpublished); Rivet v. State, Department of Transportation & Development, 96-0145 (La. 9/5/96), 680 So. 2d 1154, 1162. Moreover, appellate courts have the authority, in the interest of

14

justice, to remand a case for an evidentiary hearing on the issue of attorney's fees, where the record is not sufficient to justify the fee awarded, but all available evidence to justify the fee has not been placed in the record. See La. C.C.P. art. 2164; Community Bank of Lafourche v. Motel Management Corp. of Louisiana, Inc., 558 So. 2d 641, 645 (La. App. 1st Cir. 1990).

Accordingly, we vacate the portion of the judgment awarding attorney's fees and remand this matter to the trial court with instructions to conduct an evidentiary hearing to receive evidence with respect to the attorney's fees incurred herein and to enter a judgment awarding same.

## CONCLUSION

For the above and foregoing reasons, the portion of the December 7, 2023 judgment awarding expert witness fees is amended to reduce the award to $21,087.50. The portion of the December 7, 2023 judgment awarding attorney's fees is vacated and this matter is remanded to the trial court to conduct an evidentiary hearing to receive evidence with respect to the attorney's fees incurred herein and to enter judgment accordingly. In all other respects, the judgment is affirmed. The motion for partial dismissal is granted. All costs of this appeal are assessed to the appellant, Josh P. McCoy.

**MOTION FOR PARTIAL DISMISSAL GRANTED; JUDGMENT AMENDED IN PART; AFFIRMED IN PART; VACATED IN PART; AND REMANDED WITH INSTRUCTIONS.**